**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SARAH A. JAMES, et al., | * | |
| | * | |
| Plaintiffs, | * | |
| | * | Civ. No. MJM-25-1495 |
| v. | * | |
| | * | |
| BARBARA ANN KELLY, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

**ORDER**

This matter is before the Court on defendant Gregory B. Myers's motion for leave to file notice pursuant to Standing Order 2021-13 out of time. ECF No. 7. The plaintiffs filed a response in opposition to the motion, ECF No. 9, and the defendants replied, ECF No. 13. No hearing is necessary to resolve the motion. *See* Local Rule 105.6 (D. Md. 2025). For the reasons explained below, the motion is denied, and this action shall be remanded to state court.

This foreclosure action was filed in the Circuit Court of Maryland for Montgomery County in 2014 and removed to this Court in 2025. Defendants Gregory Brian Myers and Barbara Ann Kelly (collectively, "Defendants") are the owners of real property located in Bethesda, Maryland. ECF No. 9 at 3. On August 29, 2014, after receiving an assignment under the Deed of Trust executed by Defendants to refinance their property, the plaintiff substitute trustees ("Plaintiffs") commenced this action by filing an Order to Docket pursuant to Maryland Rule 14-204(a).[1] The

---

[1] Md. Rule 14-204(a) provides:

> Subject to compliance with section (c) of this Rule, any individual authorized to exercise a power of sale may institute an action to foreclose the lien.

case has gone up and down the state judicial system and is the subject of "collateral litigation on similar, if not the same issues, in bankruptcy courts and federal district courts in Maryland, Delaware, D.C. and Florida." ECF No. 9 at 4 (citing cases).

Myers filed a notice of removal on May 8, 2025. ECF No. 1.[2] According to Plaintiffs, Myers' notice came only hours after the Montgomery County Circuit Court entered an order denying Defendants' latest emergency motion to stay or dismiss the action. *See* ECF No. 9 at 4. On the same date, the Clerk Office's docketed this Court's Standing Order 2021-13 concerning removal actions, which requires the removing defendant to file within 14 days of removal a statement that provides certain information pertaining to removal jurisdiction, such as each defendants' citizenship and the dates on which each was served. *See* ECF No. 3.

On September 18, 2025, counsel on behalf of Mr. Myers filed a (1) notice of appearance, (2) a notice with the information required by Standing Order 2021-13, and (3) a motion for leave to file the Standing Order 2021-13 notice out of time. *See* ECF Nos. 5, 6, 7. Plaintiffs filed a response in opposition to Myers's motion primarily raising issues related to subject-matter jurisdiction and arguing that the case should be remanded to state court. ECF No. 9. Defendants filed a reply arguing that the Court should "grant Mr. Myers's motion for leave to file his response to the Court's Standing Order on Removal and proceed to the merits of this case." ECF No 13. The Court agrees with Plaintiffs that it lacks subject-matter jurisdiction over this case and must remand it to state court.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552

---

[2] At the time of removal, Myers had counsel in the state court but claimed to be self-represented in his notice of removal.

(2005). "Subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. . . . Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004) (citations omitted).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" and "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. §§ 1331, 1332(a)(1). When a plaintiff files such an action in state court, the case "may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Each defendant" has 30 days following service to remove the action to federal court. *Id.* § 1446(b)(2)(B). "[A]ll defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). "[W]hen an action against multiple defendants is removed to federal court, each defendant must 'file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the thirty-day period following service of process.'" *Costley v. Serv. Prot. Advisors, LLC*, 887 F. Supp. 2d 657, 658 (D. Md. 2012) (quoting *Anne Arundel Cnty., Md. v. United Pac. Ins. Co.*, 905 F. Supp. 277, 278 (D. Md. 1995).

The defendant seeking removal bears the burden of showing the Court has jurisdiction over the action. *See Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004). Because the removal jurisdiction of federal courts "raises

3

significant federalism concerns," it is "strictly construe[d,]" *Common Cause v. Lewis*, 956 F.3d 246, 252 (4th Cir. 2020) (quoting *Mulcahey*, 29 F.3d at 151), and "scrupulously confined," *Egle Nursing Home, Inc. v. Erie Ins. Grp.*, 981 F. Supp. 932, 933 (D. Md. 1997) (quoting *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941)). "If federal jurisdiction is doubtful, a remand is necessary." *Common Cause*, 956 F.3d at 252 (quoting *Mulcahey*, 29 F.3d at 151). "This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power." *Egle Nursing Home*, 981 F. Supp. at 933 (citing *Shamrock*, 313 U.S. at 108–09).

Defendants fail to meet their burden to show that the Court has either federal question or diversity jurisdiction.

"[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citation omitted). To determine whether a case presents a federal question, the Court must "first discern whether federal or state law creates the cause of action." *Dixon*, 369 F.3d at 816. "If . . . state law creates the cause of action, . . . federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Mulcahey*, 29 F.3d at 151 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)) (emphasis added in *Mulcahey*). The instant action is not based on a federal cause of action and does not necessarily depend on resolution of any substantial question of federal law. Rather, Plaintiffs initiated this case pursuant to Maryland Rule 14-204(a), which allows an "individual authorized to exercise a power of sale" to "institute an action to foreclose the lien." "[F]oreclosure actions brought under state law do not give rise to federal question subject matter jurisdiction, and defendants have not identified another

4

basis for this Court's jurisdiction." *Mendoza v. Betch*, Civ. No. DLB-22-543, 2022 WL 2400724, at *1 (D. Md. Mar. 16, 2022); *see also Myers v. CFG Cmty. Bank*, Civ. No. CCB-16-3098, 2016 WL 4945009, at *2 (D. Md. Sept. 16, 2016) ("Foreclosure actions brought under state law generally do not give rise to a federal question and are not a sufficient basis for subject matter jurisdiction."). Thus, Defendants fail to establish this Court's federal question jurisdiction over this action.

Plaintiffs argue that this Court does not have diversity jurisdiction because Kelly was a citizen of Maryland when the Order to Docket was filed in 2014. *See* ECF No. 9 at 14. Plaintiffs are correct that "a court determines the existence of diversity jurisdiction "at the time the action is filed.'" *Prudential Ins. Co. of Am. v. Shenzhen Stone Network Info. Ltd.*, 58 F.4th 785, 794 (4th Cir. 2023) (quoting *Freeport McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991)). Defendants argue that Plaintiffs, as substitute trustees, are not the "real party interest"; rather, the real party in interest is a statutory trust organized under Delaware law. *See* ECF No. 13 at 5. According to Defendants, the trust's citizenship is determined by the citizenship of its beneficial owners, which is currently unknown and therefore discovery is required to determine whether complete diversity exists. *Id.* To the extent Defendants are requesting post-removal discovery to justify their removal, that request is denied. Federal courts across the country have repeatedly held that a removing defendant is not entitled to a post-removal opportunity to engage in discovery to support removal. *See, e.g.*, *Negron v. Target Corp.*, No. 24-CV-5144 (PKC) (SJB), 2024 WL 4043691, at *3 (E.D.N.Y. Sept. 4, 2024); *Rivera v. Orion Marine Grp. Inc.*, 509 F. Supp. 3d 926, 939 (S.D. Tex. 2020); *Franklin v. Pinnacle Ent., Inc.*, No. 4:12-CV-307 CAS, 2012 WL 1280272, at *10 (E.D. Mo. Apr. 16, 2012).

Moreover, Myers's removal of this action was untimely under 28 U.S.C. § 1446 and is therefore absolutely barred. Section 1446(b) provides that the defendant must generally file a notice of removal within 30 days of service of process. 28 U.S.C. § 1446(b)(1). Generally, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). But a case may not be removed based on diversity jurisdiction more than one year after the action commenced, "unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1). In *Lovern v. General Motors Corp.*, the Fourth Circuit referred—albeit in *dicta*—to the statutory one-year limitation as an "absolute bar" to removal in diversity cases. 121 F.3d 160, 163 (4th Cir. 1997). Courts in this circuit have treated that "absolute bar" as a jurisdictional bar, rather than a waivable procedural requirement. *See Lexington Mkt., Inc. v. Desman Assocs.*, 598 F. Supp. 2d 707, 712 (D. Md. 2009); *Wider v. Isuzu, Inc.*, No. 3:06-1103-CMC, 2006 WL 1488836, at *2 (D.S.C. May 24, 2006); *but see Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (holding that the one-year limitation on the removal of diversity cases is a procedural requirement and collecting cases). Under *Lovern*, Defendants removal of this the action 10 years after it was filed is fatally untimely.

Because this Court lacks subject-matter jurisdiction over this case, and removal of the case was untimely by many years, it must be remanded to state court, notwithstanding Plaintiffs' failure to file a timely motion to remand. *See Rockville Hous. Enters. v. Redman*, 691 F. App'x 766, 767 (4th Cir. 2017) ("A district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time, and such an order is not reviewable.") (cleaned up); *Ford v. Shields*, Civ.

No. RDB-17-204, 2017 WL 1104667, at *1 (D. Md. Mar. 23, 2017) ("No motion to remand has been filed in this case. However, it is well established that this Court may remand a case for lack of subject matter jurisdiction *sua sponte.*").

The Court rejects Defendants' argument that it has removal jurisdiction over the *in rem* foreclosure at issue in this because it is "related to" Kelly's bankruptcy case that is on appeal to the Fourth Circuit. *See In re Kelly*, No. 25-1474 (4th Cir.). Pursuant to 28 U.S.C. § 1452(a), "a party may remove any claim or cause of action in a civil action … to the district court for the district where such civil action *is pending*, if such district has jurisdiction of such claim or cause of action under section 1334 of this title." (emphasis added). Section 1334 gives district courts original jurisdiction of civil proceedings arising under the Bankruptcy Code "or arising in or related to cases under" the Bankruptcy Code. 28 U.S.C. § 1334(b). Here, there is no pending bankruptcy action; that action was dismissed. "When a bankruptcy case is closed, the bankruptcy court's jurisdiction normally ceases." *In re Winebrenner*, 170 B.R. 878, 881 (Bankr. E.D. Va. 1994); *cf. In re Brown*, 300 B.R. 871, 876 (D. Md. 2003) ("[B]oth the bankruptcy estate and the underlying bankruptcy case ended when the bankruptcy court entered Appellant's discharge[.]"); *see also In re Walker*, 198 B.R. 476, 482–83 (Bankr. E.D. Va. 1996) (holding no "related to" jurisdiction because after the bankruptcy case closed, the bankruptcy estate ceased to exist and therefore could not be affected by state court litigation).

Defendants argue that, should the Fourth Circuit rule in their favor and reverse the Bankruptcy Court's dismissal, "the outcome of this action [] would directly affect the bankruptcy estate and directly impact the automatic stay that would again attach to Plaintiffs' foreclosure action." ECF No. 13 at 8. I am not persuaded by this argument. The Bankruptcy Court's dismissal order is not stayed pending appeal and therefore remains in effect. *See In re U.S. Airways, Inc.*,

445 B.R. 566, 572 (Bankr. E.D. Va. 2011) ("An appeal of a bankruptcy court order does not stay the effect of the order unless a stay pending appeal is requested and received." (citing *A & H Holding Corp. v. O'Donnell (In re Abingdon Realty Corp.)*, 530 F.2d 588, 589 (4th Cir.1976))). There was no active bankruptcy case at the time the instant case was removed.

Even if this litigation was somehow related to an active bankruptcy proceeding, § 1452 gives the Court discretion in deciding whether to exercise jurisdiction. Under Section 1452, "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b).

> In determining the propriety of equitable remand, courts in this District have considered a variety of factors, including:
>
> > (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness to the proceeding in the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants.

*Kerkhof v. Johnson & Johnson*, 602 B.R. 928, 933 (D. Md. 2019) (quoting *In re Railworks Corp.*, 345 B.R. 529, 540–41 (Bankr. D. Md. 2006)).

The equities here weigh heavily in favor of remand. Plaintiffs brought a foreclosure action against Defendants in a Maryland state court, under Maryland law, and have been litigating the case for over ten years. This Court further observes the finding of the Bankruptcy Court in Kelly's bankruptcy case that "Ms. Kelly and Mr. Myers have exploited and subverted the bankruptcy process for over eight years." *In re Kelly*, 656 B.R. 541, 548 (Bankr. D. Md. 2023), *aff'd Kelly v. Naples Prop. Holding Co., LLC*, 671 B.R. 432 (D. Md. 2025). The circumstances of this case, as well as principles of federalism and comity, convince this Court that it should decline jurisdiction

under § 1452. Because Defendants fail to demonstrate that this Court has either federal question or diversity jurisdiction over this case, it must be remanded to state court.

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Defendant's motion for leave to file the notice pursuant to Standing Order 2021-13 out of time is DENIED;

2. This action is REMANDED to the Circuit Court of Maryland for Montgomery County (Case No. 394829V);

3. The Clerk shall SEND a copy of this Order to the parties and to the Clerk of the Circuit Court for Montgomery County; and

4. The Clerk shall CLOSE this case.

It is so ORDERED this 11th day of May, 2026.

Matthew J. Maddox
United States District Judge

9